# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

---

## DOCKET NO.: 23-12417

---

## EMILY VINCENT,

## PLAINTIFF-APPELLANT,

## v.

## ATI HOLDINGS, LLC, et al,

## DEFENDANT-APPELLEE

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA DISTRICT COURT CIVIL ACTION NO.: 2:21-CV-00514-ACA

---

## REPLY BRIEF OF APPELLANT

---

## COUNSEL FOR APPELLANT

Cynthia Wilkinson
Wilkinson Law Firm PC
1717 3rd Avenue North, Suite A
Birmingham, AL 35203
Telephone: (205) 250-7866
cwilkinson@wilkinsonfirm.net

Richard A. Bearden
Massey, Stotser & Nichols, P.C.
1780 Gadsden Highway
Birmingham, AL 35235
Telephone: (205) 838-9000
rbearden@msnattorneys.com

*Emily Vincent v. ATI Holdings LLC, et al.*
Docket No. 22-12417

---

## APPELLANT VINCENT'S CERTIFICATE OF INTERESTED PERSONS

---

The undersigned counsel of record for the Appellant Emily Vincent hereby certifies the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, corporations (including subsidiaries, conglomerates, affiliates, parent corporations and any publicly held corporation which owns 10% or more of the party's stock), and other identifiable legal entities related to a party that has an interest in this case.

Janell M. Ahnert, Counsel for Defendant-Appellee ATI Holdings LLC

The Honorable Annemarie Carney Axon, United States District Judge

Richard A. Bearden, Counsel for Plaintiff-Appellant

Bishop Colvin Johnson & Kent, LLP

Boardman, Carr, Petelos, Watkins & Ogle, P.C.

Mark S. Boardman, Counsel for Defendants San Shade and Michael Turner

Clay R. Carr, Counsel for Defendants San Shade and Michael Turner

Carl E. Johnson, Jr., Counsel for Defendant Jefferson County Board of Education

Littler Mendelson, PC

Massey Stotser & Nichols, PC

Patrick Drake Schach, Counsel for Defendant-Appellee ATI Holdings LLC

Samantha K. Smith, Counsel for Defendant Jefferson County Board of Education

Katherine H. Watkins, Counsel for Defendants San Shade and Michael Turner

Cynthia Forman Wilkinson, Counsel for Plaintiff-Appellant

Emily Vincent, Plaintiff-Appellant

Wilkinson Law Firm, P.C., Counsel for Plaintiff-Appellant

/s/ Cynthia Forman Wilkinson
Cynthia Forman Wilkinson

**OF COUNSEL:**

WILKINSON LAW FIRM, P.C.
1717 3rd Avenue North
Suite A
Birmingham, AL 35203
Phone: (205) 250-7866
Email: cwilkinson@wilkinsonfirm.net

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................iv

TABLE OF AUTHORITIES ..................................................................................v

ARGUMENT ..........................................................................................................1

I.     VINCENT DID NOT ABANDON ANY ARGUMENTS IN HER APPELLATE BRIEFING ...1

II.    ATI EXERCISED CONTROL OVER VINCENT'S REMOVAL .....................................2

III.   THE DISTRICT COURT WAS WRONG ON THE MERITS AND ATI IS NOT ENTITLED TO SUMMARY JUDGMENT ..........................................................................................6

       A. Vincent satisfies McDonnell Douglas ........................................................6

       B. Vincent satisfies the "convincing mosaic" standard ...............................13

       C. Vincent met the "mixed motive" burden on her discriminatory removal claim ........................................................................................................14

       D. Vincent's retaliatory removal claim survives summary judgment under McDonnell Douglas.................................................................................16

       E. Vincent's retaliatory removal and reassignment claims survive summary judgment under the "convincing mosaic" theory .....................................20

CONCLUSION .....................................................................................................22

CERTIFICATE OF COMPLIANCE.....................................................................23

CERTIFICATE OF SERVICE ..............................................................................24

# TABLE OF AUTHORITIES

**Cases:**

*Berry v. Crestwood Healthcare LP*
  84 F.4th 1300, 1308 (11th Cir. 2023) .......................................... 20,21

*Blue Cross Blue Shield Antitrust Litig. MDL 2406*
  85 F.4th 1070, 1092 (11th Cir. 2023) ................................... 1

*Bostick v. Clayton Cty.*
  140 S. Ct. 1731, 1739 (2020) ..................................................... 19,20

*Burlington Norther & Santa Fe Railway Co. v. White*
  548 U.S. 53, 63-67(2006) ............................................................... 17

*Duvall v. Putnam City Sch. Dist.*
  530 F. App'x 804, 811 (10th Cir. 2013) .......................................... 19

*Evans v. Stephens*
  407 F.3d 1272, 1278 (11th Cir. 2005)............................................ 10

*Firster v. Athens Heart Ctr., P.C.*
  305 F. Supp. 3d 1368, 1377 (M.D. Ga. 2017) ................................. 8

*Hernandez v. City of Vancouver*
  277 F. App'x 666, 669-670 (9th Cir. 2008) ..................................... 19

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp*
  910 F.3d 1186, 1194 (11th Cir. 2018)................................................ 2

*Holifield v. Reno*
  115  F.3d 1555, 1561 (11th Cir. 1997).............................................. 7

*Llampallas v. Mini-Circuits, Lab, Inc.*
  163 F.3d 1236, 1244-45 (11th Cir.1998) ...................................... 3,5

*Monaghan v. Worldpay US., Inc.*
  955 F.3d 855, 860 (11th Cir. 2020).......................................... 17, 18

*Nunn v. City of Huntsville, Ala.*
    2018 U.S. Dist. LEXIS 50372, *25-26 (N.D. Ala. March 27, 2018) . 5

*Owen v. I.C. Sys., Inc.*
    629 F.3d 1263, 1270 (11th Cir. 2011) ................................. 10, 15, 18

*Perry v. Schumacher Grp. Of La*
    809 F. App'x 574, 580 (11th Cir. 2020) .............................................. 5

*Quigg v. Thomas County School District*
    814 F.3d 1227, 1239 (11th Cir. 2016) ........................................ 14,16

*Rodriguez v. Sec'y*
    518 F. App'x 653, 655 .............................................................. 17, 20

*Smith v. City of Greensboro*
    647 F. App'x 976, 981-82 (11th Cir. 2016) ......................... 17, 18, 20

*Springer v. Convergys Customer Mgmt. Group, Inc.*
    509 F.3d 1344, 1348 (11th Cir. 2007) .................................... 9, 11,12

*Toland v. Phoenix Ins. Co.,*
    855 F. App'x 474, 481 (11th Cir. 2021) ............................................ 1

*Tolar v Bradley Arant Boult Cummings, LLP*
    997 F.3d 1280, 1300 (11th Cir. 2021) ............................................... 5

*Tynes v. Fla. Dep't of Juv. Just.*
    88 F.4th 939, 957 (11th Cir. 2023) .................................. 6, 11, 12,13

*United States v. Nealy*
    232 F.3d 825, 830 (11th Cir. 2000) ................................................... 2

*United States v. Willis*
    649 F.3d 1248, 1254 (11th Cir. 2011) ............................................... 1

*Vinson v. Koch Foods of Ala., LLC*

735 F. App'x 978, 981 (11th Cir. 2018) .......................................... 14

*Virgo v. Riviera Beach Assocs, Inc.*
30 F.3d 1350, 1360 (11th Circ. 1994) ................................................ 3

Yelling v. St. Vincent's Health Sys.
82 F.4th 1329, 1338 (11th Cir. 2023) ............................................... 15

## **<u>RULES</u>**

Fed. R. App. P. 29……..……………………………………………….23

Fed. R. App. P. 32……..……………………………………………….23

## STATEMENT REGARDING ADOPTION OF ANOTHER PARTY'S BRIEF

Appellant Emily Vincent does not adopt the brief of any other party.


/s/ Cynthia Forman Wilkinson
Cynthia Forman Wilkinson
Attorney for Appellant

## **ARGUMENT**

Urging affirmance, Defendant-Appellant ATI Holdings, LLC ("ATI") advances a litany of appellate arguments. (Appellee's Brief:16-17). None persuade that affirmance is proper.

## I. VINCENT DID NOT ABANDON ANY ARGUMENTS IN HER APPELLATE BRIEFING

ATI invites the Court to conclude Vincent's appellate arguments are abandoned because she did not list them in her "Statement of Issues." (Appellee's Brief Doc. 30, p. 28-29). In doing so, ATI reads Vincent's brief, and the relevant caselaw, too narrowly. Vincent clearly recites the issues she raises on appeal in the "Argument" section of her opening brief. (Appellant's Opening Brief Doc. 25, p. 5-6). This is not, contrary to ATI's suggestion, a situation where Vincent "did not devote a discrete section of [her] opening brief to developing the arguments," *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1092 (11th Cir. 2023), nor one where Vincent advanced the arguments ATI challenges "in a single sentence," *Toland v. Phoenix Ins. Co.*, 855 F. App'x. 474, 481 (11th Cir. 2021). Indeed, Vincent's opening brief plainly indicates and develops her arguments on appeal, and ATI does not claim that Vincent's briefing created any confusion. *Cf.* (Appellee's Brief:28-29); *United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011) (noting abandonment rule seeks to "avoid *confusion* as to the [appellate] issues

that are in play" (quotation omitted) (emphasis added)). Moreover, Vincent's opening brief challenges the grounds on which the district court granted summary judgment, bolstering the conclusion that she has not abandoned any of her appellate arguments. *See Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1194 (11th Cir. 2018) ("[Appellant] has satisfied the standards for our appellate review. Its initial brief directly challenges each ground on which the district court dismissed the complaint.").

Vincent has not abandoned any argument on appeal. *See United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (concluding appellate issues were abandoned where party advanced argument "for the *first time in his supplemental brief*" and "failed to raise [the] issue . . . in his initial brief" (emphasis added)). Accordingly, the Court must decline ATI's invitation to disregard Vincent's appellate arguments.

## II.    ATI EXERCISED CONTROL OVER VINCENT'S REMOVAL

The district court declined to grant summary judgment on the ground of ATI's control over Vincent because "there [was] a dispute of material fact as to whether ATI had control over the decision to remove Ms. Vincent from her position at ATI." (Doc. 78, p. 14). ATI argues, notwithstanding the district court's conclusion regarding ATI's control over Vincent, this Court should affirm the district court's

summary judgment order because ATI "lack[ed] control in the removal decision." (Appellee's Brief Doc. 30, p. 30, fn.2). This argument must be rejected.

As a preliminary matter, ATI does not contest it was Vincent's employer. *Id.* at p. 30 fn.3. Rather, ATI essentially contends "it strains fundamental principles of fairness" to conclude it could be "legally responsible" for the decision to remove Vincent from PVHS when "ATI did not make that decision." *Id.* at p. 30. But, as the district court noted, record evidence *does* demonstrate ATI exercised control over Vincent's employment and removal. For example, Turner had to ask ATI to remove Vincent from PVHS. (Doc. 78, p. 14). This alone should foreclose ATI's argument.

Nonetheless, in arguing it lacked control over Vincent's employment and termination, ATI relies on *Llampallas v. Mini- Circuits, Lab, Inc.*, 163 F.3d 1236, 1244-45 (11th Cir. 1998). ATI's reading of *Llampallas*, and the record, is narrow at best. (Appellee's Brief:15-16). *Llampallas* looked to whether one entity had "absolutely *nothing* to do with" an "adverse employment decision," concluding as well that it had "*no interaction*" with another entity's employees. *Llampallas*, 163 F.3d at 1245 (emphases added). The district court's refusal to grant summary judgment based on the control ATI exercised over Vincent's removal is consistent with *Llampallas*'s analysis. (Doc. 78, p. 14) (quoting *Virgo v. Riviera Beach Assocs., Inc.*, 30 F.3d 1350, 1360 (11th Cir. 1994)).

Further, in concluding summary judgment based on ATI's control over Vincent's employment and termination was improper, the district court cited evidence showing: Turner testified that it was ATI's decision to move Vincent because she was ATI's employee; ATI's contract stated it was "solely liable" for supervision of athletic trainers; and Turner asked ATI to remove Vincent from her athletic director position at PVHS. (Doc. 78, p. 14, citing and collecting record evidence).[1] Arguing there is "no dispute" that Vincent's removal decision was made by Turner, (Appellee's Brief Doc. 30, p. 31-32), ATI ignores this evidence cited by the district court in reaching the exact *opposite* conclusion: that there *was* a dispute of fact regarding ATI's control over Vincent's termination. (Doc. 78, p. 14).

This evidence was sufficient for the district court to conclude, at the summary judgment stage, that ATI exercised the requisite control over Vincent's employment and removal. Based on the ample evidence it cited, and additional evidence cited by Vincent in her opening brief, all of which ATI ignores, the district court's conclusion regarding ATI's control was soundly based in the factual record and wholly consistent with Eleventh Circuit caselaw. (Appellant's Opening Brief, Doc. 25, p.

---

[1] ATI's wields Turner's request for Vincent's termination clumsily. (Appellee's Brief Doc. 30, p. 32). The fact that Turner directed ATI to terminate Vincent demonstrates, as the district court noted, that Turner *lacked* control over Vincent's employment. (Doc. 78, p.14) ("If Mr. Turner had control over whether Ms. Vincent worked at Pinson Valley, he would not need to ask Mr. Pequette to remove her."). Nothing about Vincent's district court briefing on this score disturbs or undermines her appellate arguments, or the soundness of the district court's analysis of ATI's control over Vincent.

23); *see also Perry v. Schumacher Grp. of La.*, 809 F. App'x. 574, 580 (11th Cir. 2020) ("Contrary to the district court's conclusion, the record reflects several disputes about [healthcare staffing entities'] control over [the plaintiff]."); *Nunn v. City of Huntsville Ala*., 2018 U.S. Dist. LEXIS 50372, *25-26 (N.D. Ala. Mar. 27, 2018) (distinguishing *Llampallas* where plaintiff "presented evidence from which a fact-finder reasonably could conclude that the [defendant] had interaction with [another entity] and . . . made decisions that affected the terms and conditions of [the plaintiff's] employment with [that entity]"); *cf. Tolar v. Bradley Arant Boult Cummings, LLP*, 997 F.3d 1280, 1300 (11th Cir. 2021) ("Nor can [the defendant] be liable under Title VII . . . because there are *no facts* to suggest that [the defendant] exercised *any* control over [employee's] employment" (emphases added)); *Llampallas*, 163 F.3d at 1245 (emphasizing entity had "*nothing to do* with" a decision (emphasis added)). Accordingly, ATI fails to persuade the district court's conclusion regarding ATI's control over Vincent was improper.[2]

---

[2] ATI further argues Vincent advocates for the application of a different "standard." (Appellee's Brief Doc. 30, p. 33). This is misdirection. Vincent's opening brief provided additional record citations that bolster the district court's conclusion regarding ATI's control over her termination. (Appellant's Opening Brief Doc. 25, p. 23). To the extent Vincent's brief mentions "ratification" or "acquiescence" theories for staffing company liability, it does not do so at the exclusion of *Llampallas* and its progeny. To the contrary, in the excerpt of her opening brief that ATI challenges, Vincent's discussion runs parallel to the district court's: "ATI was Vincent's employer for Title VII purposes and had control over Vincent's employment and the decision to remove her from PVHS." (Appellant's Opening Brief Doc. 25, p. 23).

### III.   THE DISTRICT COURT WAS WRONG ON THE MERITS AND ATI IS NOT ENTITLED TO SUMMARY JUDGMENT

ATI advances several arguments regarding the merits of Vincent's claims. They are flawed and must be rejected.

### A. *Vincent Satisfies McDonnell Douglas*

Applying *McDonnell Douglas*'s burden shifting framework, ATI argues Vincent failed to set forth a *prima facie* case regarding her discriminatory removal, as well as that ATI's removal decision was legitimate and not pretextual. (Appellee's Brief Doc. 30, p. 38-39). Not so.

First, even if the Court determines that *McDonnell Douglas*'s application is required for resolution of Vincent's appeal, Vincent established a *prima facie* case on her claim for discriminatory removal under *McDonnell Douglas*.[3] *See generally* 411 U.S. 792 (1973). ATI only challenges Vincent's ability to satisfy a specific *prima facie* element: whether ATI treated "similarly situated employees outside of her class more favorably." *Tynes v. Fla. Dep't of Just.,* 88 F.4th at 944 (quotations omitted). (*See also* Appellee's Brief Doc. 30, p. 39). Doing so, ATI argues Vincent

---

[3] Vincent contests *McDonnel Douglas*'s application to her discriminatory removal claim as the only method for analyzing it. (Appellant's Opening Brief Doc. 25, p. 26); *see also Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 957 (11th Cir. 2023) ("It's not quite as heretical as I once assumed to question whether *McDonnell Douglas* is *the*—or even *an*—appropriate means of deciding Title VII cases at summary judgment.") (Newsom, J., concurring) (original emphasis). Nonetheless, for the sake of responding completely to ATI's arguments, and detailed further below, she has met her burdens under *McDonnell Douglas*'s framework.

cannot satisfy this element because Taylor Cole, a female, replaced Vincent at PVHS. (Appellee's Brief Doc. 30, p. 39).

In making this argument, ATI paints an incorrect factual picture. As discussed in Vincent's opening brief, record evidence demonstrates Alex Gee, male, took over Vincent's duties. (Appellant's Opening Brief Doc. 25, p. 17, 27). Dave Bush, ATI's Sports Medicine Manager for Alabama and Vincent's supervisor, confirmed that Gee replaced Vincent and took over her duties and this is confirmed by several PVHS football coaches. *Id.* (citing and collecting evidence). Thus, contrary to ATI's argument, Vincent has at the very least, created a triable issue of material fact as to whether a male replaced her at PVHS. A jury could reasonably conclude that she was treated less favorably than a male. Accordingly, straightforward application of Rule 56 demonstrates ATI is not entitled to summary judgment based on Vincent's *prima facie* case under *McDonnell Douglas*. *See, e.g., Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997) ("[I]f a genuine issue of material fact is present, the court must deny summary judgment.").

Second, ATI contends it had a legitimate, non-discriminatory reason for removing Vincent that was not pretextual. (Appellee's Brief Doc. 30, p. 40). Regarding its purportedly legitimate removal rationale, ATI cites evidence it believes shows Vincent had interpersonal issues with other staff members. *Id.* That's it. This argument neglects ample evidence showing ATI's removal decision was

illegitimate. Vincent's performance at PVHS was praised and there are no documented complaints about her performance. (Appellant's Opening Brief Doc. 25, p. 29-30). The only complaint Bush received regarding Vincent "[w]as from another AT [athletic trainer] and it was later found to be miscommunication and she did no wrong." (Appellant's Opening Brief Doc. 25, p. 21). Vincent was given the tremendously important task of creating and implementing Covid-19 protocols for PVHS athletes. *Id.* (citing and collecting record evidence). ATI essentially concedes these points, stating in its brief that it "does not contest the general quality of Vincent's work performance" and that ATI "never disciplined her based on PVHS's request[.]" (Appellee's Brief Doc. 30, p. 41). Thus, there is, at minimum, a dispute of material fact regarding the legitimacy of ATI's removal decision, once again precluding summary judgment. *See Firster v. Athens Heart Ctr., P.C.*, 305 F. Supp. 3d 1368, 1377 (M.D. Ga. 2017) (applying *McDonnell Douglas* and denying summary judgment where "a reasonable jury could find" defendant's evidence of plaintiff's "absenteeism was . . . weak and implausible").

Third, even assuming ATI's reason for removing Vincent was legitimate and non-discriminatory, which it was not, Vincent has met her burden of showing this reason was pretextual. For example, in its appellate briefing ATI contends Vincent's "claimed short-term stint as an assistant athletic director . . . *supports* the legitimacy of Turner's conclusion that [she] was acting outside of her authority as a basis for

8

his removal directive." (Appellee's Brief Doc. 30, p. 42) (emphasis added). Recall of the record demonstrates Turner asked Vincent himself to be PVHS's assistant athletic director. (Appellant's Opening Brief Doc. 25, p. 13, 28) (citing and collecting evidence). The district court acknowledged as much: "In May 2020, Mr. Turner asked Ms. Vincent to be the assistant athletic director at Pinson Valley, a position unrelated to her employment with ATI." (Doc. 78, p. 5). It is wholly inconsistent and contradictory to hire someone for a position and then argue they exceeded the scope of work for which they were hired, especially where the quality of Vincent's work is uncontested. Thus, Vincent has demonstrated a triable issue of fact exists regarding the pretextual nature of ATI's decision to remove her. *See Springer v. Convergys Customer Mgmt. Group Inc*., 509 F.3d 1344, 1348 (11th Cir. 2007) (noting a plaintiff may demonstrate defendant's reasons are pretextual by "revealing such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions" in the reason that a "reasonable factfinder could find them unworthy of credence" (quotations omitted)).

ATI further argues Vincent has not met her pretext burden by citing Pequette's testimony, contending that "[w]hen read in full context, it is clear Pequette equated 'removal' to ATI's later communication with Vincent regarding transfer options," that occurred after her removal. (Appellee's Brief Doc. 30, p. 42-43). Not only does reading Pequette's testimony in this manner draw inferences in ATI's favor and

against Vincent, the non-movant, which is impermissible at the summary judgment stage, but this simply demonstrates a genuine factual dispute exists as to when Pequette knew of Vincent's complaints. *See Owen v. I.C. Sys., Inc*., 629 F.3d 1263, 1270 (11th Cir. 2011) (noting at summary judgment that courts view evidence and draw "all reasonable inferences in the light most favorable to the *non-moving* party" (emphasis added)).[4] Vincent has adduced evidence showing Pequette responded to her complaints of gender discrimination at the time she was removed from the assistant athletic director position with his comment: "He said, she said." (Appellant's Opening Brief Doc. 25, p. 14) (citing evidence). Thus, to the extent ATI argues it is material to determine when Pequette was aware of Vincent's complaints, there is sufficient evidence in the record to show he was aware of her complaints before her ultimate removal on June 5, 2020.[5]

---

[4] ATI invites the Court to disregard this bedrock principle, arguing Vincent's testimony regarding the timing of her gender discrimination complaints precludes summary judgment survival. (Appellee's Brief Doc. 30, p. 44) (citing *Evans v. Stephens*, 407 F.3d 1272, 1278 (11th Cir. 2005) (en banc)). Again: misdirection. Vincent is not asking this Court, nor did she ask the district court, to "pick and choose" bits of testimony. Vincent simply asks that the Court consider the entire record and draw reasonable inferences in her favor. *See Owen v. I.C. System, Inc.*, 629 F.3d 1263 at 1270. Application of this well-settled principle reveals several factual disputes about pretext, further illustrating the district court's error in granting summary judgment.

[5] According to ATI, "even if Pequette was aware of Vincent's gender-based complaints about PVHS personnel prior to her removal by the school," this does not "suggest" a discriminatory motivation by ATI. (Appellee's Brief Doc. 30, p. 44). This argument, like the district court's understanding of the record on this point, is infirm. *Id.* (citing Doc. 78, p. 19). The district court concluded that "[f]or Mr. Pequette's knowledge of Mr. Shade's comments to be evidence that ATI discriminated against Ms. Vincent, Ms. Vincent would have had to offer evidence that Mr. Shade's animus caused Mr. Pequette to remove Ms. Vincent from Pinson Valley, and there is no such

The remainder of ATI's pretext arguments collapse against the weight of evidence in this case. ATI argues Pequette's "post-removal correspondence" cannot establish pretext because he thought "there were prior issues with Vincent" getting along with co-workers. (Appellee's Brief Doc. 30, p. 44). But, recalling again that ATI "does not contest the general quality of Vincent's work performance," (Appellee's Brief Doc. 30, p. 41), Vincent has put forth evidence showing Turner did not contact Pequette about Vincent's purported issues until after Pequette sent his June 5, 2020, e-mail. Vincent is not required to show this correspondence contained explicit "gender-based commentary" to meet her pretext burden.[6] (Appellant's Opening Brief Doc. 25, p. 15-17). Especially where evidence shows Pequette was not given Turner's explanations about Vincent's work performance until *after* she was terminated at PVHS, (Appellant's Opening Brief Doc. 25, p. 15-17), demonstrating precisely the "inconsistencies, incoherencies or contradictions" that establish pretext. *See Springer v. Convergys Customer Management Group, Inc.*, 509 F.3d 1344 at 1348 (quotations omitted).

---

evidence in the record." (Doc. 78, p.19). Both ATI and the district court disregard evidence showing that Shade's "animus" caused Pequette to remove Vincent from PVHS: Kenneth Sheppard informed Vincent that Shade removed her from the assistant athletic director position because he was uncomfortable working with a woman. (Appellant's Opening Brief Doc. 25, p. 14) (citing and collecting evidence).

[6] This notion flies against what *McDonnel Douglas* fundamentally teaches: that a plaintiff can establish pretext with circumstantial evidence. *See Tynes*, 88 F.4th at 944.

So too with ATI's argument that Pequette's testimony about a hypothetical scenario regarding race discrimination does not show pretext. ATI avers Pequette's answer to this hypothetical, about whether he would honor a racially discriminatory request from a school, does not show pretext because "there is no evidence Turner ever made a facially discriminatory request to Pequette regarding Vincent's gender." (Appellee's Brief Doc. 30, p. 45). But *McDonnel Douglas* does not demand Vincent produce such evidence to satisfy her pretext burden. *See Tynes*, 88 F.4th at 944. Moreover, Pequette's testimony on its face demonstrates he would not honor a racially discriminatory request, but contradictorily refused to question the evidence showing Vincent was discriminated against because she is a woman, as well as Vincent's own complaints of gender discrimination. (Appellant's Opening Brief Doc. 25, p. 30-31); *see also Springer*, 509 F.3d at 1348.

Finally, ATI argues Alex Gee did not replace Vincent. (Appellee's Brief Doc. 30, p. 45). The record flatly contradicts this contention, and, at a minimum, creates a triable issue of material fact regarding who replaced Vincent and when. (Appellant's Opening Brief Doc. 25, p. 27). The district court recognized as much, finding Dave Bush, ATI's Sports Medicine Manager, "identified a man, Alex Gee," to be a new trainer at PVHS "soon after Vincent's removal." and that Taylor Cole, a female trainer, was not transferred to PVHS until "a couple weeks later." (Doc. 78, p. 8) (emphasis added).

* * *

ATI argues Vincent's evidence, even considered totally, "fails to demonstrate a genuine issue of material fact" regarding pretext, and therefore "fails *McDonnell Douglas* scrutiny." (Appellee's Brief Doc. 30, p. 46). ATI reaches this argument only with the aid of its misunderstanding and misapplication of *McDonnel Douglas* and Rule 56. And, as discussed above, evidence contradicts ATI's position. For these reasons, reversal is required.

### B. *Vincent Satisfies the "Convincing Mosaic" Standard*

Undaunted, ATI argues Vincent has abandoned any "convincing mosaic" argument and, regardless, she cannot meet this standard. (Appellee's Brief Doc. 30, p. 47). Incorrect. First, Vincent did not abandon her "convincing mosaic" argument. (*See*, *e.g.,* Appellant's Opening Brief Doc. 25, p. 53-54). Second, because Vincent has met her pretext burden under *McDonnell Douglas*, she has also shown a "convincing mosaic" of discrimination sufficient to survive summary judgment. Because Vincent satisfies *McDonnell Douglas*, it is unnecessary to further indulge ATI's mistaken "convincing mosaic" arguments. *See Tynes*, 88 F.4th 939, 946-947; *id.* at 954-955 ("Stripped of the rhetorical flourish—the superfluous 'convincing mosaic of' preface—that is, in essence, just a restatement of Rule 56's summary-judgment standard. No bells, no whistles—just reasonable inferences and triable facts.") (Newsom, J., concurring).

13

### C. *Vincent Met the "Mixed Motive" Burden on Her Discriminatory Removal Claim*

Correctly reciting the standard for "mixed motive" claims, (Appellee's Brief Doc. 30, p. 47), ATI falters in its application.

To be sure, in order to prevail on a "mixed motive" theory of discrimination a plaintiff must adduce evidence showing:

1. The defendant took an adverse action; and

2. A protected characteristic was a "motivating" factor for that action.

*See Quigg v. Thomas County School District*, 814 F.3d 1227, 1239 (11th Cir. 2016); *see also id.* at 1240 ("[The mixed-motive theory] does not call for the unnecessary burden-shifting required by *McDonnell Douglas*, nor does it suffer from *McDonnell Douglas*'s pitfall of demanding that employees prove pretext."); *Vinson v. Koch Foods of Ala., LLC*, 735 F. App'x. 978, 981 (11th Cir. 2018) (stating that under a mixed motive theory a plaintiff "only need[s] to demonstrate a genuine issue of material fact as to whether [a protected characteristic] was a motivating factor in the" adverse employment action).

ATI's "mixed motive" argument is easily summarized: Vincent failed to show gender motivated ATI when it removed her from PVHS. (Appellee's Brief Doc. 30, p. 48). ATI references its treatment of Heath Blackmon in support of its argument.

14

*See id.* But the deficiency in ATI's argument is unshakeable: Vincent has presented ample evidence showing gender was a motivating factor in her removal. For example, there is evidence showing: Pequette was aware of Vincent's discrimination complaints before she was removed from PVHS (Appellant's Opening Brief Doc. 25, p. 29); Gee, a man, replaced Vincent at PVHS (Appellant's Opening Brief Doc. 25, p. 27); and Turner's request for Vincent's removal was plagued with inconsistencies (Appellant's Opening Brief Doc. 25, p. 15-16).

Taken together, this evidence demonstrates "illegal bias played a role" in Vincent's termination," and therefore her claim based on a mixed motive theory "can proceed." *Yelling v. St. Vincent's Health Sys.*, 82 F.4th 1329, 1338 (11th Cir. 2023) (quotations omitted). Moreover, Vincent is not required to "discredit" ATI's reasons. *Vincent*, 735 F. App'x. at 981. Nor is this a case where "evidence does not *remotely* suggest" ATI's decisionmakers considered gender in removing Vincent. *Yelling*, 82 F.4th at 1343 (emphasis added). Drawing all inferences in Vincent's favor as the non-movant, *see Owen*, 629 F.3d at 1270, she has certainly presented "evidence that [ATI's] reasons for [removing] her were not the real reasons," *Vincent*, 735 F. App'x at 981, and therefore the district court erred in granting summary judgment on Vincent's discriminatory removal claim under a "mixed-motive" theory of liability. *See also Yelling v. St. Vincent's health Sys.*, 82 F.4th 1329 at 1338.

Notably, the district court rejected Vincent's "mixed-motive" theory on her discriminatory removal claim because she "relied on the same evidence used to defend her convincing mosaic argument" to show gender was a "motivating factor in ATI's decision to remove her from Pinson Valley." (Doc. 78, p. 25). "Just as the court found for her argument under the convincing mosaic standard," the district court reasoned, "none of [Vincent's] evidence establishe[d]" that ATI's actions were motivated by her gender. *Id.* Of course "mixed motive" theories of liability, and what a plaintiff must show to prevail on such a theory, are not wholly co-extensive with *McDonnell Douglas* or the "convincing mosaic" framework. *See Quigg*, 814 F.3d at 1240. But the district court equated the two, concluding Vincent could not prevail on a mixed-motive theory based on the district court's analysis of Vincent's convincing mosaic. Therefore, because Vincent has met her "convincing mosaic" burden, so too, by the district court's own reasoning, has she met her mixed-motive burden. The district court erred in concluding otherwise.

**D.** ***Vincent's Retaliatory Removal Claim Survives Summary Judgment Under McDonnell Douglas***

In arguing Vincent's retaliatory removal claim cannot survive summary judgment, ATI properly states the governing legal framework. (Appellee's Brief Doc. 30, p. 54-55). And ATI acknowledges, as did the district court, that analysis of Vincent's retaliatory removal claim mirrors the analysis of her claim for

discriminatory removal. *Id.*; *see also* Doc. 78, p. 28, 33; *Rodriguez v. Sec'y*, 518 F. App'x. 653, 655 (11th Cir. 2013) ("As with claims of discrimination, we apply the *McDonnell Douglas* burden-shifting analysis to retaliation claims." (citation omitted)). Thus, because Vincent has met her *prima facie* burden and shown ATI's purportedly legitimate reasons were pretextual regarding her discriminatory removal, so too, by ATI's own logic, has she set forth a viable retaliatory removal claim under *McDonnell Douglas.* This, standing alone, requires reversal of the district court's conclusion that Vincent "cannot survive summary judgment for her retaliation claim." (Doc. 78, p. 33).[7]

Nonetheless, ATI essentially contends Vincent cannot meet her retaliatory removal burdens because she has failed to produce evidence that shows ATI's "stated reason[s] w[ere] false and that protected conduct was a but-for cause of the removal." (Appellee's Brief Doc. 30, p. 55). For example, according to ATI, it is "undisputed" the decision to remove Vincent from PVHS was made prior to her

---

[7] Notably, the district court correctly stated that "[r]etaliation claims under Title VII employ *a more lenient* definition of adverse actions than discrimination claims do." (Doc. 78, p. 31) (citing *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 63-67 (2006) (emphasis added)); (*see also* Appellant's Opening Brief Doc. 25, p. 44). Removal certainly qualifies as an adverse action, especially where, at a minimum, a factual dispute exists as to when Vincent reported her discrimination complaints relative to her removal. *Compare* Appellee's Brief:37-38, *with* (Doc. 78, p. 26) (quoting *Monaghan v. Worldpay US, Inc*., 955 F.3d 855, 860 (11th Cir. 2020)), *and Burlington. E.g., Smith v. City of Greensboro*, 647 F. App'x 976, 981-82 (11th Cir. 2016).

discrimination complaints. (Appellee's Brief Doc. 30, p. 55-56). This argument is assailable on two fronts.

First, as discussed above, it is not "undisputed" that the decision to remove Vincent was made prior to her complaints of gender discrimination, and ATI errs in arguing to the contrary. (Appellant's Opening Brief Doc. 25, p. 14, 29) (citing and collecting evidence); *id*. at 39-40; but *see* Appellee's Brief Doc. 30, p. 54) ("There is *no dispute* that the removal decision by PVHS occurred prior to any complaint made by Vincent to Pequette[.]" (emphasis added)). At the very least, based on the factual record, faithful application of the well-settled summary judgment standard of review warrants this argument's rejection. *See, e.g., Owen*, 629 F.3d at 1270. Moreover, Vincent's removal certainly constitutes an adverse action. *See, e.g., Monaghan*, 955 F.3d at 860. As does what was essentially her "shift change" from PVHS to a lower-paying position at a different school. *See Smith*, 647 F. App'x at 981 (noting a shift change "can constitute an adverse employment action for purposes of [a plaintiff's] retaliation claims"). For these reasons, Vincent has satisfied the elements for her *prima facie* retaliatory removal claim.[8]

---

[8] Recall that, before the district court, ATI "agree[ed] that Ms. Vincent engaged in statutorily protected activity and that she suffered an adverse action." (Doc. 78, p. 29). ATI's agreement on this point should end the discussion. But, to the extent it contends Vincent's removal and reassignment were not adverse acts, (Appellee's Brief Doc. 30, p. 59), this is incorrect as a matter of law. *See, e.g., Monaghan*, 955 F.3d at 860; *Smith*, 647 F. App'x at 981. Precedent demonstrating Vincent's removal and reassignment are adverse actions is not undermined by the district court's flawed determination that, simply because Vincent relented to ATI's illegal conduct and accepted

Second, to the extent ATI premises its retaliatory removal arguments on the applicable "but for" causation standard, ATI's argument does not contend with the "but for" causation standard's breadth. *See Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1739 (2020) ("This can be a sweeping standard."). "Often, events have multiple but-for causes." *Id.* So too here: even crediting ATI's factual recitation, which draws inferences away from Vincent in contravention of summary judgment basics, the record certainly creates a triable issue of fact as to whether Vincent's sex "was one but-for cause of" her removal. *Id.*; *see also id.* ("When it comes to Title VII, the adoption of the traditional but-for causation standard means a defendant cannot avoid liability just by citing *some other factor* that contributed to its challenged employment decision. So long as the plaintiff 's sex was *one* but-for cause of that decision, that is enough to trigger the law." (emphases added)). For example, a jury

_____

a lower paying job in lieu of being forced out of ATI, this somehow absolves ATI of its adverse actions. (Doc. 78, p. 31). *Cf. Hernandez v. City of Vancouver*, 277 F. App'x. 666, 669-670 (9th Cir. 2008) (concluding plaintiff met burden "necessary to establish a prima facie showing of an adverse employment action" where plaintiff's affidavit stated "he was told he could either accept the transfer" to a "lower-paying position" or be terminated); *Duvall v. Putnam City Sch. Dist.,* 530 F. App'x. 804, 811 (10th Cir. 2013) (concluding that plaintiff's "transfer to a lower paid position constituted an adverse action because it resulted in a monetary loss—a five percent decrease in [her] salary"). And, contrary to ATI's argument, Vincent has identified sufficient evidence that ATI's adverse reassignment of Vincent was pretextual, thus precluding summary judgment on her retaliatory reassignment claim. *Compare* Appellee's Brief Doc. 30, p. 64-65, *with* Appellant's Opening Brief Doc. 25, p. 33, 47-48. Particularly where several alternative locations were available for Vincent's transfer, but ATI did not disclose or offer all of these options to Vincent. (Appellant's Opening Brief Doc. 25, p. 18) (citing and collecting evidence).

could reasonably conclude Vincent complained to Pequette about gender discrimination before her removal, and that she certainly lodged her complaints before being offered inferior positions. (Appellant's Opening Brief Doc. 25, p. 46; *see also Smith v. City of Greensboro*, 647 F. App'x 976 at 981.

For all the reasons Vincent has met her pretext burden on her discriminatory removal claim, she has also met her pretext burden on her retaliatory removal claim. *See, e.g., Rodriguez*, 518 F. App'x. at 655; Appellant's Opening Brief Doc. 25, p. 47-48; *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1308 (11th Cir. 2023) ("[Pretext] requires the employee to present evidence that casts doubt on the employer's proffered reason as the *only reason* for its action." (citation omitted) (emphasis added)). And straightforward application of the governing causation standard to the record compels the conclusion that Vincent has shown her sex was a "but-for" cause of her removal. *See Bostock*, 140 S. Ct. at 1739. Accordingly, Vincent's retaliatory removal claim survives summary judgment.

**E.  *Vincent's Retaliatory Removal and Reassignment Claims Survive Summary Judgment Under the "Convincing Mosaic" Theory***

Overlapping largely with its *McDonnell Douglas*-based arguments regarding Vincent's retaliatory removal claim, ATI argues Vincent cannot meet her "convincing mosaic" burden on her retaliatory removal claim. (Appellee's Brief Doc. 30, p. 57). Not so.

First, Vincent did not waive her "convincing mosaic" argument. *Cf. id.* She properly presented it to the district court, and the district court explicitly passed on this issue in granting ATI's summary judgment motion. *See, e.g,* (Doc. 78, p. 33. Therefore, this Court may consider it on appeal. *See also Berry v. Crestwood healthcare LP*, 84 F.4th 1300 at 1310 ("[T]he *McDonnell Douglas* framework is not the only way to prove retaliation." (citation omitted)). And second, Vincent's retaliatory removal claim survives summary judgment under the "convincing mosaic" framework for the same reasons she has met her pretext burden on this claim. *Cf. Berry*, 84 F.4th at 1312-13 (considering employee's *McDonnel Douglas* pretext evidence in analysis of retaliation claim under "convincing mosaic" framework). Indeed, ATI's "convincing mosaic" argument flows from this premise. Therefore, for the same reasons Vincent has presented evidence sufficient to survive summary judgment on her discriminatory removal claim under both *McDonnell Douglas* and the "convincing mosaic" framework, and on her retaliatory removal claim under *McDonnel Douglas*, she has also presented evidence sufficient to survive summary judgment on her retaliatory removal claim on a "convincing mosaic" theory.[9]

---

[9] The same is true for her retaliatory assignment claim. This claim certainly survives under a "convincing mosaic" theory. Moreover, ATI acknowledges the same evidence that supports Vincent's other claims could support her retaliatory assignment claim. (Appellee's Brief Doc. 30, p. 58). Fundamentally, as discussed above, Vincent has carried her *McDonnel Douglas* burdens

## <u>CONCLUSION</u>

Under either *McDonnel Douglas*, the "convincing mosaic" or "mixed motive" theory, the fundamental inquiry in this case is whether Vincent has created triable issues of material fact regarding two clear adverse actions she suffered: her removal and reassignment. Evidence clearly shows both actions were discriminatory and retaliatory. In reaching the opposite conclusion, the district court misconstrued the factual record and misapplied governing case law.

Therefore, and for all the reasons set forth above, reversal is required, and this case must be remanded for trial.

Respectfully submitted this the 11th day of April 2024

/s/ Cynthia Wilkinson
Cynthia Wilkinson, Esq.
Richard A. Bearden, Esq.
Attorneys for Appellant

**OF COUNSEL:**

Wilkinson Law Firm P.C.
171 3rd Avenue North, Suite A
Birmingham, AL 35203
Telephone: (205) 250-7866
cwilkinson@wilkinsonlawfirm.net

---

on her retaliatory reassignment claim, and she also survives summary judgment on this claim under the "convincing mosaic" framework. *Cf.* (Appellee's Brief:54-55.

Massey, Stotser & Nichols, P.C.
1780 Gadsden Highway
Birmingham, AL 35235
Telephone: (205) 838-9000
rbearden@msnattorneys.com

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(A)

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 29(d) because it contains 5487 words, exclusion the parts of the brief exempted by Fed. R. App. P. 32(f) as calculated by the word-counting feature in Microsoft Word. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 point-font, Times New Roman.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Janell M. Ahnert, Esq.
Patrick D. Schach, Esq.
LITTLER MINDELSON, P.C.
420 20th Street North, Suite 2300
Birmingham, Alabama 3520

/s/ Cynthia Wilkinson, Esq.
OF COUNSEL